**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Omar Terence Fletcher</u>

    v.                                                    Civil No. 16-cv-315-PB

<u>Loretta E. Lynch, U.S. Attorney General</u>

**REPORT AND RECOMMENDATION**

Omar Terence Fletcher is being detained by U.S. Immigration and Customs Enforcement ("ICE") at the Strafford County Department of Corrections ("SCDC"). Before the court is Fletcher's petition (doc. no. 1) for a writ of habeas corpus under 28 U.S.C. § 2241, seeking review of an order of the Board of Immigration Appeals ("BIA"). The matter is before the court to determine whether the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4).

**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states facially valid claims. The court may dismiss any petition that appears legally insufficient on its face. <u>See</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).

In conducting this review, the court construes Fletcher's pro se petition liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

The petition and documents attached to the petition assert the following background facts.  Fletcher was born in 1980 in Jamaica to Jamaican parents.  In 1988, Fletcher moved to the United States with his father, while his mother remained in Jamaica.  Fletcher was admitted to the United States as a lawful permanent resident at that time.  In 1991, Fletcher's mother came to the United States, married Fletcher's father, and then returned to Jamaica.  In October 1992, Fletcher's father became a naturalized U.S. citizen.  Fletcher's mother returned to the United States in 1995 and was naturalized in November 1999.

In 2011, Fletcher pleaded guilty to multiple drug and firearms charges in the Southern District of Florida and was sentenced to a term of imprisonment.  See Fletcher v. United States, No. 15-cv-62687-DTKH (S.D. Fla. Apr. 18, 2016) (R. & R.), ECF No. 12, slip op. at 2.  The government provided Fletcher with notice that it considered Fletcher to be a deportable alien in 2014.  Fletcher filed a motion to terminate

deportation proceedings in December 2015, asserting that he derived American citizenship when his father naturalized before Fletcher turned 18, pursuant to a statute, 8 U.S.C. § 1432(a)(3), that was repealed in 2000.[1]  In January 2016, following a hearing, an Immigration Judge denied Fletcher's motion to terminate deportation proceedings.  Fletcher appealed that order to the BIA, and the BIA dismissed Fletcher's appeal in an order dated June 7, 2016.  See Doc. No. 1, at 22 (In re Fletcher, No. A041 456 278 (BIA June 7, 2016)).

Fletcher filed the instant § 2241 petition thereafter.  The clerk's office docketed the petition on July 12, 2016.  An unsworn certification signed by Fletcher and filed with the petition states that on July 8, 2016, Fletcher placed the petition in the custody of SCDC officials to be mailed to the Office of the U.S. Attorney General.

## Discussion

### I. Jurisdiction

Fletcher's motion to terminate deportation proceedings arises out of an administrative removal action.  The Real ID Act,

---

[1] See generally Thompson v. Lynch, 808 F.3d 939, 940-41 (1st Cir. 2015) (discussing repealed statute, 8 U.S.C. § 1432(a)).

Pub. L. No. 109-13, 119 Stat. 231, 302 (2005), generally "deprives the district courts of jurisdiction in removal cases." Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005). For example, 8 U.S.C. § 1252(a)(2)(C) generally strips federal courts of jurisdiction to review removal orders relating to aliens deemed deportable because of their conviction of certain enumerated drug and weapons offenses, except to the extent that the court of appeals has jurisdiction to consider jurisdictional issues including whether the petitioner is in fact a citizen. See Rojas v. U.S. Att'y Gen., 728 F.3d 203, 207 (3d Cir. 2013). A petitioner's claims of citizenship raised in a challenge to a final order of removal are reviewable through the procedures established by 8 U.S.C. § 1252(b), which places jurisdiction over such claims in the courts of appeals in the first instance. See 8 U.S.C. § 1252(b)(5)(A)-(C). The jurisdictional limitations established by the Real ID Act specifically restrict the district court's exercise of jurisdiction under 28 U.S.C. § 2241 in cases such as Fletcher's. See, e.g., id. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear

any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); id. at § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .").

District courts do not have jurisdiction to review appeals of BIA decisions such as Fletcher's.  Accordingly, this court lacks jurisdiction over Fletcher's petition.

**II.  Transfer**

Under 28 U.S.C. § 1631, a civil action that is filed in a court without jurisdiction to consider the matter may be transferred to a court where the action could have properly been brought at the time it was filed.[1]  A petition for review of a

---

[1] 28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that

5

BIA decision on a final order of removal must be filed in the court of appeals within thirty days of that decision. See 8 U.S.C. § 1252(b)(1). "The statutorily prescribed time limits for seeking review of BIA orders are 'mandatory and jurisdictional.'" Hurtado v. Lynch, 810 F.3d 91, 93 (1st Cir. 2016) (citation omitted). Assuming, without deciding, that the BIA's dismissal of Fletcher's appeal was equivalent to a final order of removal, the First Circuit lacked jurisdiction over Fletcher's petition at the time it was filed because Fletcher filed the § 2241 petition more than thirty days after the BIA issued its order.

    The BIA issued its decision denying Fletcher relief on June 7, 2016. The record indicates that Fletcher placed his § 2241 petition in the SCDC mail system on July 8, 2016. The First Circuit did not have jurisdiction over Fletcher's petition on July 8, 2016. Accordingly, this action is not appropriately transferred to the First Circuit, pursuant to 28 U.S.C. § 1631,

---

    court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id.

and should therefore be dismissed for lack of jurisdiction.

## Conclusion

The district judge should dismiss Fletcher's petition for lack of jurisdiction and should not transfer the matter to the First Circuit. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea J. Johnstone
United States Magistrate Judge

October 27, 2016

cc: Omar Terence Fletcher, pro se